UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA BLUME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 1:15-cv-00937-WTL-DML |
| | ) |
| BRIAN SMITH, PLAINFIELD | ) |
| CORRECTIONAL FACIILITY, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

Plaintiff Joshua Blume, an inmate at the New Castle Correctional Facility, filed this civil action based on events which occurred at the Plainfield Correctional Facility. Specifically, Mr. Blume alleges that on April 3, 2015, he was attacked by inmate Mike Welsh while in protective custody. Mr. Blume alleges that Mr. Welsh should never have been placed in his cell. Mr. Blume names two defendants. First, Superintendent Brian Smith "for wrong decisions on safety of offenders, safety and security being compromised." Dkt. 1 at p. 3. Second, he sues Plainfield Correctional Facility for the security breach. Mr. Blume seeks money damages and requests that the protective custody policy be changed in an unidentified way.

**I. Screening**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a

complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Dismissal of Complaint

Mr. Blume states that his claim is based on the violation of Indiana Code 4-13-1.2-5 and Department of Correction policy. No federal claim for relief is alleged.

Unfortunately for Mr. Blume, his state law claims must be dismissed for failure to state a claim upon which relief may be granted. Indiana Code 4-13-1.2-5 gives the ombudsman the authority to receive, investigate, and attempt to resolve complaints that the department of correction violated a specific law, rule, or department written policy or endangered the health or safety of any person. This statute does not create a private cause of action. Similarly, no private right of action is created by Department of Correction policies. *See Tyson v. Grant Cnty. Sheriff*, 2007 WL 1395563, at *10 (N.D. Ind. May 9, 2007) (dismissing state law claims based on violations of Indiana statues and Indiana Jail Standards because no private right of action is implied).

In addition, no viable federal claim has presented in this action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Defendant Plainfield Correctional Facility is not a "person" subject to suit under § 1983. Accordingly, it is dismissed for failure to state a claim upon which relief may be granted.

The only claim against Superintendent Brian Smith is that he made bad decisions which led to or allowed Mr. Welsh to attack Mr. Blume. This allegation is insufficient to raise Mr. Blume's right to relief against Superintendent Smith above the speculative level. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.") (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Liability under § 1983, requires personal responsibility for the misconduct alleged. *See West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit"). In *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009), the Supreme Court wrote that knowledge of a subordinate's misconduct is not enough. The supervisor can be liable only if he wants the harmful conduct to occur. *Id.* at 677. There is no allegation that Superintendent Smith wanted Mr. Welsh to attack Mr. Blume. Accordingly, Superintendent Smith is dismissed for failure to state a claim.

Because no viable claim for relief has been identified, the complaint is now dismissed.

### III. Further Proceedings

Mr. Blume shall have **through August 6, 2015,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 7/16/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA BLUME
172076
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362